[No. 2,980.]

## LEWIS AUTENREITH v. JOHN N. HESSENAUER, HERMAN PFENNINGER, FERDINAND BUCK, AND JOSEPH LANG.

WRIT OF ASSISTANCE IN CASE OF PARTNERSHIP PROPERTY.—A party who forecloses a mortgage, given by one partner, on, and obtains a Sheriff's deed for, an undivided interest in partnership property, without making the other partner a party to the action, is not entitled to a writ of assistance to be placed in possession, as against a receiver who has been appointed by the Court, at the instance of such other partner, in an action commenced by him to dissolve the partnership, and have the partnership property sold to pay the debts.

APPEAL from the District Court of the Ninth Judicial District, County of Siskiyou.

Autenreith, in the foreclosure suit, made Pfenninger, Buck, and Lang defendants, because they had caused attachments to be levied on the property, claiming that the liens they had acquired by the attachments were subsequent to the lien of his mortgage. Junker, in his complaint against Hessenauer, claimed that the partnership was indebted to him. Autenreith obtained the Sheriff's deed under his foreclosure sale on the 3d day of May, 1870, and on the ninth of May demanded of Junker, the receiver, possession of the property. His demand not being complied with, on the 21st of May, 1870, he moved the Court for a writ of assistance, and the motion was denied. From the order denying the motion he appealed.

The other facts are stated in the opinion.

*E. Steele,* for Appellant.

[No brief on file for Respondent.]

By the Court, BELCHER, J.:

We do not think the Court erred in denying the plaintiff's application for a writ of assistance.

When he commenced the action to foreclose his mortgage, and from that time till the application for the writ was denied, the Pacific Brewery—the undivided one half of which was covered by the mortgage—was in the hands of a receiver appointed by the same Court in the case of *Junker* v. *Hessenauer*. The plaintiff's mortgage was dated January 28th, 1869, and on that day Junker filed his complaint against Hessenauer, alleging therein among other things, that the plaintiff and defendant became equal partners in the brewing business in June, 1864, and had continued to be such up

to the time of the filing the complaint, and that the partnership property consisted in part of the Pacific Brewery, and praying that a receiver be appointed to take charge of the property; that there be an accounting between the parties, and that the partnership be dissolved, etc.

The plaintiff did not make Junker a party to his foreclosure suit, nor did he ever in any way intervene in the action commenced by Junker to dissolve the partnership. Both actions were pending at the same time and were tried independently, one resulting in a decree that the undivided half of the Pacific Brewery be sold to satisfy the plaintiff's mortgage, and the other adjudging that the whole property was partnership property, and directing it to be sold to satisfy partnership liabilities. Whether the property was in fact partnership property, and, if it was, whether it became so before the execution of the plaintiff's mortgage, and whether there were partnership liabilities, are questions which, as against the plaintiff, had not been tried when this application was heard, and could not be without some appropriate proceedings instituted for that purpose.

Until such proceedings were taken, and the respective rights of the parties determined thereunder, the Court did not err in refusing to surrender to the plaintiff a possession which it had taken and was holding by its receiver.

Order affirmed.